UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Paul Sellors and Elizabeth Sellors,                          Court File No.:   04-2895RHK/AJB

Plaintiffs,

vs.                                                          **COMPLAINT**
**(JURY DEMAND)**

Legionaries of Christ, an organization,
Legion of Christ, Incorporated, a
New York corporation, FAMILIA
USA, Inc., a New York corporation,
FAMILIA, a Minnesota non-profit
Corporation and Anthony Bannon,

Defendants.


Plaintiffs, Paul Sellors and Elizabeth Sellors, for their Complaint against the above-named Defendants, state and allege as follows:

## PARTIES

1.      Plaintiffs, Paul Sellors and Elizabeth Sellors, are individuals who are citizens of the State of Minnesota.

2.      Defendant, Legionaries of Christ (hereinafter the "Legionaries"), is an organization of Roman Catholic priests that originated in Mexico with its United States operations based in Thornwood, New York, and with its international headquarters in Rome, Italy.

3.      Defendant, Legion of Christ, Incorporated, is a corporation, owned and controlled by the Legionaries, that is organized and existing under the laws of the State of New York, with its principal place of business in Thornwood, New York.

4.      Defendant, FAMILIA USA, Inc., is a corporation, owned and controlled by the Legionaries, that is organized and existing under the laws of New York with its principal place of business in Thornwood, New York.

5.      Defendant, FAMILIA, is a Minnesota non-profit corporation.

6.      Defendant, Anthony Bannon, is a priest who is a member of the Legionaries who resides in New York.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a) in that a substantial part of the claim arises under an Act of Congress relating to copyrights and the remaining state claims fall within the Court's pendant jurisdiction and the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

8.      The Court has personal jurisdiction over the Defendants because they transacted business in this District, because a substantial part of the relevant events occurred in this District and because property, which is the subject of this action, was taken from this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

## EVENTS GIVING RISE TO CASE

10.     In 1991, Plaintiff Elizabeth Sellors became a member of Regnum Christi, an organization directed by Defendant Legionaries.  Regnum Christi members are Roman Catholics and include both clergy and lay people.  Members of Regnum Christi are asked to live lives of personal holiness and to undertake endeavors to inspire other people to live such lives.

11.     Plaintiff Paul Sellors, the husband of Plaintiff Elizabeth Sellors, became involved in Regnum Christi in 1993.

12.     Plaintiffs attended many retreats and other events where Defendant Legionaries provided spiritual direction and encouraged them to spread the messages of the gospel in society. At these events, the Plaintiffs were told that while the Legionaries would provide them with spiritual guidance, their role was to carry the message into the world.  The Legionaries told Plaintiffs repeatedly that they, and not the Legionaries, would be in charge of and control Plaintiffs' apostolic work.

13.     In December of 1992, Plaintiff Elizabeth Sellors conceived of a program to help people apply gospel teachings to daily family life.  Her idea was to create a course of study based on an encyclical of Pope John Paul II that addressed the situation of the family in the modern world.

14.     Plaintiffs created written materials, entitled "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio."  Plaintiffs also created written materials entitled "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I."  These materials were the results of Plaintiffs' original efforts and their skill, judgment and labor.  The creation of these materials was completed by sometime in 1994.  Plaintiffs created the materials with no help from Defendants of any kind.

15.     Plaintiffs fixed the aforedescribed materials created by them in a printed form. On April 15, 2004, Plaintiffs registered and deposited the fixed versions of the materials created by them with the United States Copyright Office.  The Copyright Office accepted the submissions and issued Plaintiffs a Certificate of Copyright registration for each of the works.  A copy of the registration of "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I" is attached hereto as Exhibit A.  A copy of "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio" is attached as Exhibit B.

16.    The copyrighted materials created by Plaintiffs were  used in group study.  The study guide was for participants and the animator's manual  was for  the group's leader.  Without any assistance from Defendants, Plaintiffs organized groups to use the materials.

17.    In January of 1994, pursuant to Chapter 317A of the Minnesota Statutes, Plaintiffs organized a Minnesota non-profit corporation called FAMILIA.  Thereafter, Plaintiffs distributed the aforedescribed  copyrighted materials created by them through FAMILIA.

18.    Between 1993 and 2002, Plaintiffs revised, from time-to-time, the aforedescribed copyrighted materials and created written study guides for seven additional programs and animator's manuals for those programs.

19.    Between 1993 and 2002, Plaintiff Elizabeth Sellors, spent most of her time organizing groups throughout the United States and Canada that used study materials created by Plaintiffs.

20.    Beginning in 1993, Plaintiff Paul Sellors spent most of his time, outside of his employment with Cargill, in creating and revising study materials.

21.    Between 1993 and 2002, Plaintiffs spent large sums of their own funds to create materials, to have the materials printed and distributed, and to organize groups to use them.  Defendants provided Plaintiffs with no financial or other assistance.  By the time that the wrongs described herein occurred in 2002, about 1,800 groups had been organized with about 17,000 participants.

22.    Between 1993 and 2002, Plaintiffs attended many retreats and other events sponsored by Defendant Legionaries.  Also, Plaintiffs and Defendant Legionaries communicated regularly.   Plaintiffs looked to Defendant Legionaries for spiritual guidance.   Defendant Legionaries repeatedly praised the Plaintiffs' work and said how important it was.  Until the

occurrence of the wrongs described herein, Plaintiffs' trust in Defendant Legionaries was unqualified and they believed that Defendant Legionaries wanted Plaintiffs' work to continue for life.

23.     Between 1993 and 2004, FAMILIA revenues grew steadily.   FAMILIA's revenues resulted from the sale of the materials created by Plaintiffs.  For the fiscal year ending in June of 1995, FAMILIA had revenues of about $16,000.  For the fiscal year ending in June of 2003, FAMILIA had revenues of about $500,000.

24.     On March 31, 2000, Plaintiff Paul Sellors resigned from his position with Cargill Incorporated in order to work for FAMILIA.

25.     By the end of the year 2001, FAMILIA had over $100,000 in cash assets derived from the sale of the materials created by Plaintiffs.

26.     When FAMILIA was organized by Plaintiffs in 1994, it had a Board of Directors consisting of three persons, Paul Sellors and Elizabeth Sellors (the Plaintiffs herein), and Defendant, Anthony Bannon, a member of Defendant Legionaries. From the time of its organization in 1994 until December of 2001, Plaintiffs owned and controlled FAMILIA.

27.     In December of 2001, Defendant Bannon asked Plaintiffs to sign documents that changed the Board of Directors of FAMILIA from one controlled by Plaintiffs to a board composed of Defendant Bannon and other representatives of Defendant Legionaries.  In order to induce Plaintiffs to sign these documents, Defendant Legionaries promised and represented to them as follows:

    a.      Plaintiffs' role in the operation of FAMILIA would not change;

    b.      Plaintiffs would remain in charge of the assets, finances and affairs of FAMILIA; and

      c.    The change in the Board of Directors of FAMILIA was needed so that it could be organized as a Catholic organization under the Official Catholic Directory.

All of these promises and representations were false.  However, Plaintiffs believed these false promises and representations of representatives of Defendant Legionaries and, in reliance upon them, signed the papers requested by Defendant Legionaries.  The representatives of Defendant Legionaries making false promises and representations to Plaintiffs include Anthony Bannon, Emilio Diaz-Torre and Juan Sabadell.  The representatives of the Defendant Legionaries who committed the wrongs described herein also acted on behalf of and as agents of Defendants, Legion of Christ Incorporated and  FAMILIA USA, Inc.

28.    Plaintiffs never intended to give FAMILIA to Defendants or any of them, did not understand that the papers presented by Defendant Legionaries were designed to transfer FAMILIA to Defendants and were never told by Defendants or any of them that as a result of said papers, Plaintiffs were giving away the business that had been created and built-up through their efforts and at their expense.

29.    Because Plaintiffs trusted Defendant Legionaries and because of said Defendant's great religious influence with Plaintiffs, they signed the papers requested by Defendant Legionaries and did not suspect that said Defendant would take everything that Plaintiffs had created.

30.    Plaintiffs never received any consideration for transferring FAMILIA.

31.    Defendant Legionaries grabbed the cash (in excess of $100,000) in FAMILIA's accounts soon after the Legionaries got control of the FAMILIA board.

32.    On about September 15, 2002, Defendant Legionaries notified Plaintiffs that they were dismissed from FAMILIA but would be advisors thereafter.

33.     On September 30, 2002, Defendant Legionaries told Plaintiffs to be out of FAMILIA's office by midnight and Defendants have excluded Plaintiffs from any role in the operations of FAMILIA since that day.

34.     From the date of its incorporation until about May 1, 2002,  FAMILIA operated out of Plaintiffs' home in Minneapolis, Minnesota.  On about May 1, 2002, FAMILIA moved to leased space at 877 S.W. 3rd Street, New Brighton, Minnesota.  Plaintiffs did all of the work required to find the space and to furnish, equip and organize it.

35.     Since removing Plaintiffs from FAMILIA, Defendants have copied and sold the materials created by Plaintiffs and copyrighted as set forth herein without the consent of and over the objection of Plaintiffs.

36.     Since removing Plaintiffs from FAMILIA, Defendants (other than FAMILIA) have caused FAMILIA to transfer materials, monies, and other properties to Defendant FAMILIA USA, Inc., Defendant Legionaries or entities controlled by Defendant Legionaries.

37.     After removing Plaintiffs from FAMILIA, Defendants illegally obtained certificates of registrations for the aforementioned works created by Plaintiffs entitled "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I" and "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio."  In obtaining these registrations, Defendants illegally represented that Defendant FAMILIA was the owner and author of the works created by Plaintiffs.

38.     Since removing Plaintiffs from FAMILIA, Defendants have wrongfully reproduced, sold and distributed written works created by Plaintiffs without first obtaining a license or other consent of Plaintiffs.

39.     The unauthorized and infringing use by Defendants of the written works created by Plaintiffs will, unless enjoyed, cause irreparable harm, damage and injury to Plaintiffs. Among other things, Plaintiffs' reputations have been damaged as a result of Defendants' failure to credit Plaintiffs as the authors and creators of their works.

40.     Plaintiffs have been and will continue to be, irreparably damaged and injured as a result of Defendants' past and continuing infringement of Plaintiffs' copyrights.

## COUNT I

## BREACH OF FIDUCIARY DUTY

41.     Plaintiffs reallege the allegations in the above paragraphs of this Complaint for purposes of this Count I.

42.     Defendant Bannon and Defendant Legionaries owed Plaintiffs a fiduciary duty when dealing with Plaintiffs on financial matters because they placed their trust in said Defendants and looked to said Defendants for guidance on religious questions and because said Defendants taught them that it was sinful to disobey religious authorities.

43.     Defendant Legionaries and Defendant Bannon breached their fiduciary duties to Plaintiffs when Defendant Legionaries took control of FAMILIA because they never told Plaintiffs that Plaintiffs were transferring all rights to the property and income of FAMILIA to Defendant Legionaries.

44.     Defendant Legionaries and Defendant Bannon breached their fiduciary duties to Plaintiffs by obtaining control of FAMILIA through false representations and promises.

45.     Defendant Legionaries and Defendant Bannon breached their fiduciary duties to Plaintiffs by removing Plaintiffs from FAMILIA and by using its money and other assets for the benefit of Defendants.

Case 0:04-cv-02895-RHK-AJB   Document 1   Filed 06/04/04   Page 9 of 15

46.     Plaintiffs are entitled to have restored to them everything obtained by Defendants through the aforesaid breaches of fiduciary duty, including, but not limited to, control of FAMILIA, all of the money and other property of FAMILIA taken or received by Defendants, and all profits derived by Defendants from FAMILIA's money and property.

47.     Plaintiffs have suffered damages directly and proximately caused by the aforesaid breaches of fiduciary duty in an amount to be established at trial in excess of $2,000,000.

## COUNT II

## RESCISSION

48.     Plaintiffs reallege the allegations in the above paragraphs of this Complaint for purposes of Count II.

49.     Defendants made promises to Plaintiffs that induced Plaintiffs to transfer control of FAMILIA, including but not limited to the promise that nothing would change after the transfer in Plaintiffs' role and authority in the operation of FAMILIA.

50.     Plaintiffs relied on the promises of Defendant Legionaries, made by Defendant Bannon, and other agents of Defendant Legionaries, when Plaintiffs transferred control of FAMILIA.  Said promises are binding upon Defendants.

51.     By kicking Plaintiffs out of FAMILIA shortly after the Defendant Legionaries gained control of FAMILIA, Defendants materially and substantially breached the promises made to Plaintiffs and relied on by them in transferring control of FAMILIA.

52.     As a result of said breaches, Plaintiffs are entitled to have their transfer of control of FAMILIA rescinded and to have all property of FAMILIA taken by Defendants returned.

## COUNT III

## BREACH OF CORPORATE DUTIES

53.     Plaintiffs reallege the allegations made above in this Complaint for purposes of this Count III.

54.     Under Chapter 317A of the Minnesota Statutes and other Minnesota law, Defendants Legionaries and Bannon had a fiduciary duty of good faith and fair dealing in all transactions respecting Plaintiffs' interest in FAMILIA.

55.     Defendant Legionaries and Bannon breached their duties to Plaintiffs when Defendant Legionaries took control of FAMILIA, and transferred its property to one or more of the Defendants.  Without limiting the generality of the allegation in the preceding sentence, Defendant Bannon and other members of the Legionaries who were officers and directors of FAMILIA, violated Minn. Stat. § 317A.361, Subd. 1 and Minn. Stat. § 317A.211, Subd. 1 in dealing with FAMILIA and in disposing of its property.

56.     Under Minn. Stat. § 317A.467, this Court has the authority to grant Plaintiffs equitable relief to remedy the aforesaid violations of Chapter 317A of the Minnesota Statutes and award them costs and attorney's fees.

57.     Plaintiffs are entitled to equitable relief directing Defendants to deliver to Plaintiffs all interests in FAMILIA and all its money and other property taken or received by Defendants.

58.     Plaintiffs have suffered damages in an amount to be determined at trial but known to be in excess of $2,000,000 that have been directly and proximately caused by the Defendants' breaches of duty to Plaintiffs respecting Plaintiffs' interest in FAMILIA and in disposing of its property.

## COUNT IV

## COPYRIGHT INFRINGEMENT

59.     Plaintiffs reallege the allegations made above in this Complaint for purposes of this Count IV.

60.     Prior to January 1, 1998, Plaintiffs created, wrote and published the following original books:  "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio" and "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I."

61.     The aforesaid books were the product of Plaintiffs' abilities, efforts and judgment and said books are copyrightable subject matter under the laws of the United States.

62.     Since the date of their creation by Plaintiffs to the date hereof, the Plaintiffs have owned all right, title and interest in and to the copyrights in and to the aforesaid books.

63.     Since September 30, 2002, Defendants have infringed on Plaintiffs' copyrights in the aforesaid books by copying, selling and distributing them.

64.     Plaintiffs have notified Defendants of their copying, selling and distributing of the aforesaid books constitutes an infringement upon Plaintiffs' copyrights in said books but the Defendants have continued to infringe on said copyrights.

65.     Plaintiffs complied in all respects with the United States Copyright Act of 1976, 17 U.S.C. § 101, et. seq., including applying for copyright registration on April 15, 2004, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration on April 29, 2004.

66.     As a result of Defendants continually publishing, selling and distributing Plaintiffs' copyrighted books, Plaintiffs are suffering irreparable damage, which cannot be adequately compensated in damages.  Hence, Plaintiffs are entitled to have Defendants enjoined

during the pendancy of this action and permanently from publishing, selling or distributing Plaintiffs' copyrighted books.

## COUNT V

## REFORMATION AND CANCELLATION

67.    Plaintiffs reallege the allegations made above in this Complaint for purposes of this Count V.

68.    Defendants took control of FAMILIA from Plaintiffs by inducing them, through fraud and inequitable conduct, to sign an instrument putting members of the Defendant Legionaries in control of FAMILIA.

69.    Plaintiffs are entitled to have said instrument cancelled or reformed so that control of FAMILIA is restored to Plaintiffs.

## COUNT VI

## RETURN OF PROPERTY

70.     Plaintiffs reallege the allegations made above in this Complaint for purposes of this Count VI.

71.     Plaintiffs received no consideration for transferring control of FAMILIA to the Defendant Legionaries and never intended to give FAMILIA or its property to the Defendant Legionaries or any other party.

72.     None of the Defendants are entitled to own and control FAMILIA as the recipient of a gift of the same from Plaintiffs.

73.     Plaintiffs have demanded the return of FAMILIA and all property that was held by FAMILIA but taken by one or more of the Defendants but Defendants have failed to return Plaintiffs' property to them.

74.     Plaintiffs are entitled to an order directing Defendants (other than FAMILIA) to return FAMILIA and to an accounting from Defendants (other than FAMILIA) of the monies and other property of FAMILIA.

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

A.     A preliminary injunction enjoining Defendants and their agents and employees from reproducing, copying, selling, or otherwise disposing of the written works created by Plaintiffs entitled:   "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I;" and, "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio" and enjoining Defendants and their agents and employees from infringing in any matter upon any written works created by Plaintiffs.

B.      A permanent injunction enjoining Defendants and their agents and employees from reproducing, copying, selling, or otherwise disposing of the written works created by Plaintiffs including those entitled  "God's Plan for Marriage and Family – Mothers of Young Children Animator's Handbook Year I;" and, "God's Plan for Marriage and Family – A Study Guide of Familiaris Consortio" and enjoining Defendants and their agents and employees from infringing in any matter upon any written works created by Plaintiffs.

C.      An order directing Defendants (other than FAMILIA) to return to Plaintiffs ownership and control of FAMILIA and all of its property.

D.      An order canceling, reforming and setting aside any instrument purporting transfer from Plaintiffs to Defendants (other than FAMILIA) the ownership and control of FAMILIA.

E.      An order directing Defendants to account for and pay to Plaintiffs all monies and other properties of FAMILIA taken by Defendants.

F.      An order determining that all copyright registrations obtained by Defendants in the name of FAMILIA or any other Defendant on written works created by Plaintiffs are invalid and set aside.

G.      Damages in the sum of $2,000,000 or in such amount as the Court shall deem proper.

H.      An award to Plaintiffs of their costs, disbursements and attorney's fees; and

I.      Such other and further relief as the Court deems just and equitable.

Dated: June 4, 2004                     KRAUSE & ROLLINS, CHTD.

                                        S/David E. Krause
                                        _____
                                        David E. Krause (#58117)
                                        James B. Hovland (#47491)
                                        310 Groveland Avenue
                                        Minneapolis, MN 55403
                                        (612) 874-8550
                                        ATTORNEYS FOR PLAINTIFFS